UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STACY RICHARDSON and WRECKER1, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE GEORGIA DEPARTMENT OF TRANSPORTATION, JASON M. JOSEY, ANDREW HEATH, PARSONS TRANSPORTATION GROUP, INC., JEFF CORBIN, CHRISTINE SIMONTON, CAPTAIN MARK WESLEY, ANDREW BATES, CHAD HENDON, JEFF PUCKETT, JERRY GOSSETT, SCOTT KAPTON, KATHY ZAHUL, EDWARD MCKISSACK, PAGE PORTER, RORY HOWE, TRACEY FRANCIS and AMY WILCOCK, <br><br> Defendants. | CIVIL ACTION <br> NO. 1:19-cv-00054-MLB |

**PLAINTIFFS' MOTION FOR REMAND**

Plaintiffs, Stacy Richardson ("Mrs. Richardson") and Wrecker 1, Inc. (collectively "Wrecker1"), by and through their counsel, hereby file their Motion for Remand (the "Motion") and, in support, show the Court as follows:

1

# INTRODUCTION

This case arises from the ongoing misconduct of the State Defendants[1] and their co-defendants[2] related to their application, enforcement and interpretation of certain specifications, regulations, policies and procedures related to the Towing and Recovery Incentive Program ("TRIP" program) as to Wrecker1, including the purported probation and termination of Wrecker1 from the TRIP Program. Wrecker1 filed its original complaint against Defendants in Fulton County Superior Court. However, the State Defendants removed that case to this Court on the sole basis of this Court's federal question jurisdiction. Wrecker1 did not object to removal at the time, and Wrecker1 does not contend that this Court lacked subject matter jurisdiction over the claims asserted in Wrecker1's original complaint.

---

[1] Defendants, the Georgia Department of Transportation ("GDOT"), and Jason M. Josey, Andrew Heath, Captain Mark Wesley, Andrew Bates, Chad Hendon, Jeff Puckett, Jerry Gossett, Kathy Zahul, and Page Porter (collectively, the "State Defendants").

[2] The remaining Defendants consists of Tracey Francis, Parsons Transportation Group, Inc., Jeff Corbin, Christine Simonton, Scott Kapton, Edward McKissack, Rory Howe, and Amy Wilcock (together with the State Defendants, "Defendants").

However, Wrecker1 since has filed its First Amended Complaint (the "Amended Complaint") [Doc. 26] against Defendants on February 25, 2019, in accordance with Fed. R. Civ. P. 15(a)(1)(B). In its Amended Complaint, Wrecker1 removed all of its federal claims against Defendants and asserts only state law claims against them. This Court therefore no longer has any federal question jurisdiction over the claims asserted in Wrecker1's Amended Complaint. Wrecker1 accordingly requests that the Court decline to exercise its supplemental jurisdiction over Wrecker1's state law claims and remand this case back to Fulton County Superior Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 27, 2018, Wrecker1 filed its Original Complaint in the case styled as *Richardson, et. al. v. Georgia Dept. of Trans., et. al*., Civil Action No. 2018-cv-313557, Fulton County Superior Court (the "Superior Court Lawsuit"), asserting claims against Defendants for declaratory judgment, equal protection and due process violations pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, negligent performance of duties, and tortious interference with business relations.

3

On January 3, 2019, the State Defendants filed their Notice of Removal (the "Notice of Removal") [Doc. 1], which removed the Superior Court Lawsuit to this Court. In their Notice of Removal, the State Defendants contend that this Court has subject matter jurisdiction over the claims asserted in the Superior Court Lawsuit based solely on "federal questions" presented in Wrecker1's Original Complaint. [*Id*. at ¶ 4.]

Wrecker1 filed its Amended Complaint on February 25, 2019, pursuant to Fed. R. Civ. P. 15(a)(1)(B). In its Amended Complaint, Wrecker1 revises certain of its factual allegations, including to correctly identify some Defendants and an ante litem notice previously sent by Wrecker1 to the State Defendants, and removes all of Wrecker1's claims under federal law, including pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

## ARGUMENT AND CITATION TO AUTHORITY

### I. Standard of Review.

"A defendant may remove a civil action filed in a state court to the federal district court for the district in which the action is pending if the district court would have had jurisdiction over the suit." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1304-5 (11th Cir. 2016) (citing 28 U.S.C. § 1441(a)). "The 'district court must have at

least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" *Id*. at 1305 (quoting *Baltin v. Alaron Trading Corp*., 128 F.3d 1466, 1469 (11th Cir. 1997)).

In the instant case, the Notice of Removal relies solely on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  [*See* Notice of Removal at ¶ 4.]  Diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist in this case, including because the State Defendants and Wrecker1 each reside, maintain their principal place of business, are political entities of, or were incorporated in the State of Georgia.  [*See* Amended Complaint, ¶¶ 12-16, 20-24, 26, 28, 30.]  No statute specifically grants this Court any exclusive subject matter jurisdiction over the claims asserted in the Superior Court Lawsuit.

"Generally, whether an action raises a federal question 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint.'" *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "Thus, the plaintiff is 'the master of the claim … [and] may avoid federal jurisdiction by exclusive reliance on state law.'"  *Id*.

5

However, the "question whether subject matter jurisdiction exists is measured as of the time the Complaint was filed." *Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1352 (11th Cir. 1997). If a federal question claim existed at the time the complaint was filed, then the Court may properly exercise its subject matter jurisdiction over such federal question claim, as well as its supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(a). *Id*. (citations omitted). If a complaint later is amended to remove any federal cause of action, the Court nevertheless retains discretion to retain jurisdiction over the state law claims. *See Behlen*, 311 F.3d at 1095 (citations omitted) ("The court had discretion to retain jurisdiction over the state law claims even after Behlen amended the complaint to remove any federal cause of action."); *Baggett*, 117 F.3d at 1352.

In such instances, however, "there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims." *Arnold v. Tuskegee Univ.*, 212 Fed. Appx. 803, 811 (11th Cir. 2006). "State courts, not federal courts, should be the final arbiters of state law." *Baggett*, 117 F.3d at 1353. "This is especially true" where federal claims are dismissed "prior to trial." *Id*. (citations omitted).

6

Moreover, "removal statutes should be construed narrowly with any doubt resolved in favor of remand." *DeLaughder v. Colonial Pipeline Co.*, 2018 U.S. Dist. LEXIS 215314 at *4 (N.D. Ga. Dec. 21, 2018) (J. Story) (citations omitted). In addition, "Defendants, as the removing party, bear the burden of establishing federal jurisdiction and overcoming the preference towards remand." *Id*. at *7 (motion for remand granted where no "substantial question of federal law" was a necessary element of causes of action).

"Where an action originates in state court and is later removed to federal court, though, district courts should remand to state court the state claims over which they decline to exercise supplemental jurisdiction." *McDuffle v. Broward Cnty*., 654 Fed. Appx. 408, 411 (11th Cir. 2016). Indeed, the Eleventh Circuit has stated that "federal district courts must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction." *Id*. (quoting *Myers v. Cent. Fla. Invs., Inc*., 592 F.3d 1201, 1226-7 (11th Cir. 2001)).

**II.     This Court Should Decline to Exercise Subject Matter Jurisdiction Over Wrecker1's Claims In The Amended Complaint.**

Prior to the filing of the Amended Complaint, Wrecker1 asserted its claims against Defendants in the Superior Court Lawsuit. Through their Notice of Removal, the State Defendants removed that case to this Court relying solely on the

7

Court's federal question jurisdiction under 28 U.S.C. § 1331.  Wrecker1 did not object to removal at the time, and Wrecker1 does not contend that the Court lacked subject matter jurisdiction over Wrecker1's claims at the time of removal.

However, Wrecker1 has filed its Amended Complaint since the removal of the Superior Court Lawsuit to this Court.  Under the allegations of the Amended Complaint, no substantial question of federal law exists as a necessary element of any of the claims asserted by Wrecker1 against Defendants, which instead involve only state law claims.  Accordingly, no federal question jurisdiction remains in this case.

The case of *Hildebrand v. City of Warner Robins*, 2018 U.S. Dist., LEXIS 83811 at *1 (M.D. Ga. May 18, 2018), involved almost identical claims and procedural issues.  In that case, the plaintiff's initial complaint was filed in Houston County Superior Court and asserted claims against the governmental and individual defendants for federal due process and equal protection violations under 42 U.S.C. § 1983.  *Id*. at *2.  Wrecker1 asserted the same claims against the State Defendants in the Superior Court Lawsuit.

The defendants in the *Hildebrand case* properly removed the case to the district court. *Id*. at *1.  In this case, the State Defendants also properly removed the Superior Court Lawsuit to this Court.  The plaintiff in the *Hildebrand* case then filed an amended complaint which "dropped those federal claims" and alleged only a state law claim "thereby removing the lone basis for the Court's jurisdiction." *Id*. at *2.  Here, Wrecker1 also filed its Amended Complaint and removed any federal claims against Defendants.

After noting that the district court had "discretion to retain jurisdiction in a situation such as this," the district court in the *Hildebrand* case exercised "its discretion to remand this case rather than retain jurisdiction," thereby rendering the defendants' pending motion to dismiss moot. *Id*. at *2-3.  As already noted, "there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims" after all federal claims have been dismissed. *Arnold*, 212 Fed. Appx. at 811.  Namely, "[s]tate courts, not federal courts, should be the final arbiters of state law." *Baggett*, 117 F.3d at 1353.  Moreover, "removal statutes should be construed narrowly with any doubt resolved in favor of remand." *DeLaughder*, 2018 U.S. Dist. LEXIS 215314 at *4.

9

Wrecker1 therefore respectfully requests that this case be remanded to Fulton County Superior Court for those same reasons. *See McDuffle*, 654 Fed. Appx. At 411.

## CONCLUSION

For all of the foregoing reasons, Wrecker1 respectfully requests that the Court decline to exercise its supplemental jurisdiction over Wrecker1's claims in the Amended Complaint and remand this case to Fulton County Superior Court.

Respectfully submitted this the 4th day of March, 2019.

                                          FISHERBROYLES, LLP

                                          */s/ Vincent Bushnell*
                                          JOEL M. FERDINAND
                                          Georgia Bar No. 583127
                                          joel.ferdinand@fisherbroyles.com
                                          VINCENT BUSHNELL
                                          Georgia Bar No. 098999
                                          vincent.bushnell@fisherbroyles.com
                                          945 East Paces Ferry Road NE
                                          Suite 2000
                                          Atlanta, Georgia 30326
                                          Tel: 404.973.2180
                                          Fax: 404.334.3231

                                          WILLIAM J. AKINS
                                          (*pro hac vice* application to be submitted)
                                          william.akins@fisherbroyles.com
                                          100 Congress Avenue, Suite 2000
                                          Austin, TX 78701
                                          Tel: 214.924.9504
                                          Fax: 214.481.3768

                                          *Attorneys for Plaintiffs, Stacy Richardson and Wrecker 1, Inc.*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing memorandum has been prepared in 14-point Times New Roman font and complies with LR 5.1, NDGa and LR 7.1(D), NDGa.

                                  /s/ Vincent Bushnell
                                  Vincent Bushnell
                                  Georgia Bar No. 098999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STACY RICHARDSON and WRECKER1, INC., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE GEORGIA DEPARTMENT )<br>OF TRANSPORTATION, JASON M. )<br>JOSEY, ANDREW HEATH, PARSONS )<br>TRANSPORTATION GROUP, INC., )<br>JEFF CORBIN, CHRISTINE SIMONTON, )<br>CAPTAIN MARK WESLEY, ANDREW )<br>BATES, CHAD HENDON, )<br>JEFF PUCKETT, JERRY GOSSETT, )<br>SCOTT KAPTON, KATHY ZAHUL, )<br>EDWARD MCKISSACK, )<br>PAGE PORTER, RORY HOWE, )<br>TRACEY FRANCIS and )<br>AMY WILCOCK, )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 1:19-cv-00054-MLB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2019, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which automatically will send electronic mail notification to the following attorneys of record:

1

Christopher M. Carr
ccarr@law.ga.gov
Kathleen M. Pacious
kpacious@law.ga.gov
Roger Chalmers
rchalmers@law.ga.gov
Loretta L. Pinkston-Pope
lpinkston@law.ga.gov
Ronald J. Stay
rstay@law.ga.gov

Neal J. Sweeney
nsweeney@joneswalker.com
James R. Artzer
jartzer@joneswalker.com


    __*/s/ Vincent Bushnell*_____
    VINCENT BUSHNELL
    Georgia Bar No. 098999